**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ACTIVISION TV, INC.; DENICE M. HETKOWSKI, as Trustee for LOCKE INTERNATIONAL TRUST; and DAVID L. GOTHARD, as Limited Trustee for LOCKE INTERNATIONAL TRUST  *Plaintiffs,*  v.  RICHARDSON ELECTRONICS, LTD., NEC DISPLAY SOLUTIONS OF AMERICA, INC. and TEK PANEL, INC.  *Defendants.* | Case Number:  District Judge:  Magistrate Judge:  **JURY TRIAL DEMANDED** |

## **PLAINTIFFS' COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs Activision TV, Inc. ("Activision TV"), Denice Hetkowski, as trustee for Locke International Trust ("Locke") and David L. Gothard, as limited trustee for Locke (collectively, "Plaintiffs"), for their complaint against Defendants Richardson Electronics, Ltd. ("Richardson"), NEC Display Solutions of America, Inc. ("NEC") and Tek Panel, Inc. ("Tek Panel") (collectively, "Defendants"), hereby demand a jury trial and allege as follows:

## **NATURE OF THE ACTION**

1. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271 *et seq*.

## PARTIES

2. Plaintiff Locke, owner of the patents identified below, is a trust organized and existing under the laws of the State of Florida.

3. Denice M. Hetkowski is the individual trustee of Locke.

4. David L. Gothard is the limited trustee of Locke.

5. Plaintiff Activision TV is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 5400 Yahl Street, Suite D, Naples, Florida 34109.

6. Upon information and belief, Defendant Richardson is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 40W267 Keslinger Road, LaFox, Illinois 60147-0393.

7. Upon information and belief, Defendant NEC is a company organized and existing under the laws of the State of Delaware, with a principal place of business at 500 Park Boulevard, Itasca, Illinois 60143.

8. Upon information and belief, Defendant Tek Panel is a company organized and existing under the laws of Illinois, with a principal place of business at 1998 Bucktail Lane, Sugar Grove, Illinois, 60554.

## JURISDICTION AND VENUE

9. This action arises under the patent laws of the United States, Title 35, United States Code.

10. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

11. Upon information and belief, Defendant Richardson has done substantial business in the State of Illinois and has committed and continues to commit acts of patent infringement in this judicial district.

12. Upon information and belief, Defendant NEC has done substantial business in the State of Illinois and has committed and continues to commit acts of patent infringement in this judicial district.

13. Upon information and belief, Defendant Tek Panel has done substantial business in the State of Illinois and has committed and continues to commit acts of patent infringement in this judicial district.

14. Upon information and belief, this Court may exercise personal jurisdiction over each of the Defendants because each Defendant has at least minimum contacts with this forum as a result of maintaining a principal place of business in the State of Illinois, and additionally by having a business regularly conducted within the State of Illinois and this judicial district. Such jurisdiction exists generally as well as specifically as a result of, at least, the Defendants offering to sell and/or selling products in this judicial district that are claimed to infringe claims of one or more of U.S. Patents Nos. 6,215,411 and/or 6,384,736. Each Defendant's conduct and connections with this judicial district are and have been such that it reasonably should have anticipated being brought into Court in this judicial district.

15. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, each Defendant maintains a principal place of business in the State of Illinois, has done substantial business in the State of Illinois, has committed and continues to commit acts of patent infringement in this judicial district.

16. On April 10, 2001, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,215,411 ("the '411 patent"), entitled "Remote Control Electronic Display System."

17. Plaintiff Locke has been assigned sole title to the '411 patent and has the right to sue and recover for infringement. A copy of the '411 patent is attached as Exhibit A to this Complaint.

18. Plaintiff Activision TV is the exclusive licensee of the '411 patent, with the right to market and commercialize the '411 patent.

19. On May 7, 2002, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,384,736 ("the '736 patent"), entitled "Remote Control Electronic Display System."

20. Plaintiff Locke has been assigned sole title to the '736 patent and has the right to sue and recover for infringement. A copy of the '736 patent is attached as Exhibit B to this Complaint.

21. Plaintiff Activision TV is the exclusive licensee of the '736 patent, with the right to market and commercialize the '736 patent.

## COUNT I

### INFRINGEMENT OF U.S. PATENT NO. 6,215,411
### BY DEFENDANT RICHARDSON

22. Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1–21, as if set forth herein.

23. Richardson's Canvys division ("Canvys") makes, uses, sells, and offers to sell electronic display systems known as All-in-One ("AIO") systems.

24. Richardson's Canvys division offers the Canvys Private Network ("CPN") for use with its AIO systems.

25. Upon information and belief, Richardson's Canvys division's AIO systems, when used in conjunction with the CPN, comprise display systems for generating at a remote source a static non-continuous display in the form of individual fixed images for presentation on a display sign at a generally fixed location and which is electronically transmitted from the remote source to the display sign, said display system comprising: a) display generating means at the remote source for generating a plurality of displays in the form of electronic signals capable of being transmitted; b) means for transmitting electronic signals representative of the plurality of displays from the remote source to the display sign; and c) a readily transportable and completely self-contained display sign positionable at a generally fixed location for operation at that fixed location and which may be located at a substantial distance from the display generating means, said display sign being operable as a self-contained unit independently of any networking for generation of displays, said display sign comprising: 1) an electronically operable flat panel display member with wide angle viewing almost independent of angle of view by an individual for displaying of advertising and other information to a large group of people simultaneously at a public facility; 2) self-contained and dedicated computer operated processing means in said display sign for generating a static display from the electronic signals; and 3) memory means in said display sign forming part of said processing means and storing information delivered from the remote source in digital signal format as digital signals and allowing the digital signals to be reconverted to visible images which are statically displayed one at a time at the display sign enabling advertising and other information to be presented for promotion of products or services on a large screen format, and where a large number of different displays stored in said memory

means can be displayed at time selected periods independently of the electronic signals from the display generating means.

26. Upon information and belief, through its products, including but not limited to its Canvys Division's AIO systems and CPN, Defendant Richardson has been and is infringing one or more claims of the '411 patent directly, contributorily and/or by inducement, in violation of 35 U.S.C. § 271.

27. Plaintiffs have been damaged by Richardson's infringement of the '411 patent.

## COUNT II

### INFRINGEMENT OF U.S. PATENT NO. 6,384,736
### BY DEFENDANT RICHARDSON

28. Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1–27, as if set forth herein.

29. Upon information and belief, Richardson's Canvys division's AIO systems, when used in conjunction with the CPN, comprise display signs for generating a display in the form of individual fixed images at a location, said display sign comprising: a) an electronically operable relatively flat panel display member with wide angle viewing almost independent of angle of view by an individual for displaying of advertising and other information to a large group of people simultaneously at a public facility; b) self-contained and dedicated computer operated processing means in said display sign for generating a plurality of individual sequentially presented displays from electronic signals representative of the plurality of displays and which are delivered from a remote source; and c) memory means in said display sign forming part of said processing means and storing information delivered from a remote source in digital signal format as digital signals and allowing the digital signals to be reconverted to visible images

6

which are statically displayed one at a time at the display sign enabling advertising and other information to be presented for promotion of products or services on a large screen format, and where a large number of different displays are storable in said memory means and displayed at time selected periods independently of external electronic signals from a remote source.

30. Upon information and belief, through its products, including but not limited to its Canvys Division's AIO systems and CPN, Defendant Richardson has been and is infringing one or more claims of the '736 patent directly, contributorily and/or by inducement, in violation of 35 U.S.C. § 271.

31. Plaintiffs have been damaged by Richardson's infringement of the '736 patent.

## COUNT III

### INFRINGEMENT OF U.S. PATENT NO. 6,215,411
### BY DEFENDANT NEC

32. Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1–21, as if set forth herein.

33. NEC makes, uses, sells, and offers to sell electronic display systems that contain single board computers.

34. NEC provides its Vukunet network ("Vukunet") free of charge to its electronic display hardware customers.

35. Upon information and belief, NEC displays containing single board computers, when used in combination with NEC's Vukunet, comprise display systems for generating at a remote source a static non-continuous display in the form of individual fixed images for presentation on a display sign at a generally fixed location and which is electronically transmitted from the remote source to the display sign, said display system comprising: a) display generating means at

7

the remote source for generating a plurality of displays in the form of electronic signals capable of being transmitted; b) means for transmitting electronic signals representative of the plurality of displays from the remote source to the display sign; and c) a readily transportable and completely self-contained display sign positionable at a generally fixed location for operation at that fixed location and which may be located at a substantial distance from the display generating means, said display sign being operable as a self-contained unit independently of any networking for generation of displays, said display sign comprising: 1) an electronically operable flat panel display member with wide angle viewing almost independent of angle of view by an individual for displaying of advertising and other information to a large group of people simultaneously at a public facility; 2) self-contained and dedicated computer operated processing means in said display sign for generating a static display from the electronic signals; and 3) memory means in said display sign forming part of said processing means and storing information delivered from the remote source in digital signal format as digital signals and allowing the digital signals to be reconverted to visible images which are statically displayed one at a time at the display sign enabling advertising and other information to be presented for promotion of products or services on a large screen format, and where a large number of different displays stored in said memory means can be displayed at time selected periods independently of the electronic signals from the display generating means.

36. Upon information and belief, through its products, including but not limited to its displays containing single board computers, used in combination with Vukunet, Defendant NEC has been and is infringing one or more claims of the '411 patent directly, contributorily and/or by inducement, in violation of 35 U.S.C. § 271.

37. Plaintiffs have been damaged by NEC's infringement of the '411 patent.

## COUNT IV

### INFRINGEMENT OF U.S. PATENT NO. 6,384,736
### BY DEFENDANT NEC

38.     Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1–21 and 32–37, as if set forth herein.

39.     Upon information and belief, NEC displays containing single board computers, when used in combination with NEC's Vukunet, comprise display signs for generating a display in the form of individual fixed images at a location, said display sign comprising: a) an electronically operable relatively flat panel display member with wide angle viewing almost independent of angle of view by an individual for displaying of advertising and other information to a large group of people simultaneously at a public facility; b) self-contained and dedicated computer operated processing means in said display sign for generating a plurality of individual sequentially presented displays from electronic signals representative of the plurality of displays and which are delivered from a remote source; and c) memory means in said display sign forming part of said processing means and storing information delivered from a remote source in digital signal format as digital signals and allowing the digital signals to be reconverted to visible images which are statically displayed one at a time at the display sign enabling advertising and other information to be presented for promotion of products or services on a large screen format, and where a large number of different displays are storable in said memory means and displayed at time selected periods independently of external electronic signals from a remote source.

40.     Upon information and belief, through its products, including but not limited to its displays containing single board computers, used in combination with Vukunet, Defendant NEC has been and is infringing one or more claims of the '736 patent directly, contributorily and/or by inducement, in violation of 35 U.S.C. § 271.

41. Plaintiffs have been damaged by NEC's infringement of the '736 patent.

## COUNT V

### INFRINGEMENT OF U.S. PATENT NO. 6,215,411
### BY DEFENDANT TEK PANEL

42. Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1–21, as if set forth herein.

43. Tek Panel makes, uses, sells, and offers to sell electronic display systems known as All-in-One ("AIO") systems.

44. Tek Panel partners with X2O Media to provide the Xpresenter platform in combination with Tek Panel's AIO systems.

45. Upon information and belief, Tek Panel's AIO systems, in combination with the Xpresenter platform, comprise display systems for generating at a remote source a static non-continuous display in the form of individual fixed images for presentation on a display sign at a generally fixed location and which is electronically transmitted from the remote source to the display sign, said display system comprising: a) display generating means at the remote source for generating a plurality of displays in the form of electronic signals capable of being transmitted; b) means for transmitting electronic signals representative of the plurality of displays from the remote source to the display sign; and c) a readily transportable and completely self-contained display sign positionable at a generally fixed location for operation at that fixed location and which may be located at a substantial distance from the display generating means, said display sign being operable as a self-contained unit independently of any networking for generation of displays, said display sign comprising: 1) an electronically operable flat panel display member with wide angle viewing almost independent of angle of view by an individual

for displaying of advertising and other information to a large group of people simultaneously at a public facility; 2) self-contained and dedicated computer operated processing means in said display sign for generating a static display from the electronic signals; and 3) memory means in said display sign forming part of said processing means and storing information delivered from the remote source in digital signal format as digital signals and allowing the digital signals to be reconverted to visible images which are statically displayed one at a time at the display sign enabling advertising and other information to be presented for promotion of products or services on a large screen format, and where a large number of different displays stored in said memory means can be displayed at time selected periods independently of the electronic signals from the display generating means.

46. Upon information and belief, through its products, including but not limited to AIO systems, combined with Xpresenter software, Tek Panel has been and is infringing one or more claims of the '411 patent directly, contributorily and/or by inducement, in violation of 35 U.S.C. § 271.

47. Plaintiffs have been damaged by Tek Panel's infringement of the '411 patent.

## COUNT VI

### INFRINGEMENT OF U.S. PATENT NO. 6,384,736
### BY DEFENDANT TEK PANEL

48.     Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1–21 and 42-47, as if set forth herein.

49.     Upon information and belief, Tek Panel's AIO systems, in combination with the Xpresenter platform, comprise display signs for generating a display in the form of individual fixed images at a location, said display sign comprising: a) an electronically operable relatively flat panel display member with wide angle viewing almost independent of angle of view by an individual for displaying of advertising and other information to a large group of people simultaneously at a public facility; b) self-contained and dedicated computer operated processing means in said display sign for generating a plurality of individual sequentially presented displays from electronic signals representative of the plurality of displays and which are delivered from a remote source; and c) memory means in said display sign forming part of said processing means and storing information delivered from a remote source in digital signal format as digital signals and allowing the digital signals to be reconverted to visible images which are statically displayed one at a time at the display sign enabling advertising and other information to be presented for promotion of products or services on a large screen format, and where a large number of different displays are storable in said memory means and displayed at time selected periods independently of external electronic signals from a remote source.

50.     Upon information and belief, through its products, including but not limited to AIO systems combined with Xpresenter software, Tek Panel has been and is infringing one or more claims of the '736 patent directly, contributorily and/or by inducement, in violation of 35 U.S.C. § 271.

51. Plaintiffs have been damaged by Tek Panel's infringement of the '736 patent.

## JURY DEMAND

52. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby respectfully requests a jury trial on all issues and claims so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs pray for judgment as follows:

(A) That each of the Defendants have infringed the '411 patent;

(B) That each of the Defendants have infringed the '736 patent;

(C) That each of the Defendants, and their officers, agents and employees, successors and assigns and those persons in active concert or participation with any of them be permanently enjoined from direct and indirect infringement of the '411 patent;

(C) That each of the Defendants, and their officers, agents and employees, successors and assigns and those persons in active concert or participation with any of them be permanently enjoined from direct and indirect infringement of the '736 patent;

(E) That an accounting be had for the damages to Plaintiffs arising out of Defendants' infringing activities together with prejudgment interest and costs, and that such damages be awarded to Plaintiffs;

(E) That this case be deemed exceptional under 35 U.S.C. § 285, and that reasonable attorney fees, expenses and costs incurred in this action be awarded to Plaintiffs; and

(F) That Plaintiffs be awarded such other and further relief as this Court deems just and proper.

Dated: **June 7, 2010**                              Respectfully submitted,

>                                          */s/ Barry F. Irwin, P.C.*
>                                          Barry F. Irwin, P.C. (6211213)
>                                          Adam J. Gill (6281557)
>                                          **KIRKLAND & ELLIS LLP**
>                                          300 North LaSalle
>                                          Chicago, Illinois  60654
>                                          312.862.2000 (Telephone)
>                                          312.862.2200 (Facsimile)
>                                          barry.irwin@kirkland.com
>                                          adam.gill@kirkland.com
>
>                                          *Counsel for Plaintiffs*
>                                          *Activision TV, Inc. and*
>                                          *Locke International Trust*